In the Matter of the Claim of LEONA WILSON, Respondent. *v.* DORFLINGER & SONS et al., Appellants.

**Workmen's Compensation Law — costs will not ordinarily be awarded against an unsuccessful claimant personally.**

In cases under the Workmen's Compensation Law, involving no element of unreasonableness, the award of costs is left by section 23 of the statute to the discretion of the court; and ordinarily in the exercise of that discretion costs will not be awarded against an unsuccessful claimant personally, but will be charged against the state industrial commission, which virtually represents such claimant through the attorney-general.

(Submitted May 22, 1916; decided June 16, 1916.)

MOTION to amend remittitur. (See 218 N. Y. 84.)

*Egburt E. Woodbury, Attorney-General,* for motion.

*Arthur Butler Graham* for appellants.

*Per Curiam.* The decision handed down in this case on April 25, 1916, read as follows: "Order reversed, with costs, and claim dismissed." Doubt having arisen as to the parties against whom the court intended to award costs by this decision, the attorney-general has moved to amend the remittitur so as to provide for costs against the claimant only. Counsel for the appellants agrees that the remittitur should be amended by inserting therein the name of the party against whom costs are awarded, but contends that the costs should be awarded against the state industrial commission rather than against the claimant.

Section 23 of the Workmen's Compensation Law (L. 1914, ch. 41) provides that an appeal may be taken to the Court of Appeals under the act in all cases where such an appeal would lie from a decision of an Appellate Division "in the same manner and subject to the same limitations as is now provided in civil actions." Section 24 provides that if the commission or the court before which any proceedings for compensation or concerning an award of compensation have been brought "determines that such proceedings have not been so brought upon reasonable ground, it shall assess the whole cost of the proceeding upon the party who has so brought them."

We regard this provision of section 24 as mandatory, and as requiring us to award costs against a party to an appeal under the act whenever we determine that the proceeding has not been brought upon reasonable ground. Such cases, however, are exceptional. In cases involving no element of unreasonableness the award of costs is left by section 23 of the statute to the discretion of the court; and ordinarily in the exercise of that discretion costs will not be awarded against an unsuccessful claimant personally, but will be charged against the state industrial commission, which virtually represents such claimant through the attorney-general.

In the present case the remittitur should be amended so as to award costs against the state industrial commission.

WILLARD BARTLETT, Ch. J., HISCOCK, COLLIN, CUDDE-BACK, HOGAN, SEABURY and POUND, JJ., concur.

Ordered accordingly.