In the Matter of the Claim of THOMAS PETRIE under the Workmen's Compensation Law.

ONEIDA STEEL PULLEY COMPANY et al., Appellants; STATE WORKMEN'S COMPENSATION COMMISSION, Respondent.

Workmen's compensation — costs will ordinarily be awarded against employer and insurer on unsuccessful appeal by them from award.

On an unsuccessful appeal by the employer and insurer from an order affirming an award under the Workmen's Compensation Law, the order of affirmance by this court under ordinary circumstances should be made, with costs, the same as is usually done on an affirmance of a final order in a special proceeding.

(Submitted June 12, 1916; decided June 16, 1916.)

MOTION to amend remittitur. (See 215 N. Y. 335.)

*Per Curiam.* The motion to recall and amend the remittitur so as to relieve the employer and insurance company from costs awarded on the appeal to this court should be denied. We affirmed the award which had been made to the claimant. The motion by the appellants to be relieved from costs on such affirmance seems to be based on the theory that such costs may only be allowed where it has been determined that the appeal was not brought upon reasonable grounds, and it is insisted that in view of the division which existed amongst the members of the Appellate Division on the question whether the award should be affirmed, the appeal was entirely reasonable. The appellants misconceive the theory on which costs have been awarded.

In the *per curiam* opinion handed down by this court at this time in *Matter of Wilson* v. *Dorflinger & Sons* (218 N. Y. 734) it was said:

"Section 23 of the Workmen's Compensation Law provides that an appeal may be taken to the Court of Appeals under the act in all cases where such an appeal would lie from a decision of an Appellate Division 'in the same

manner and subject to the same limitations as is now provided in civil actions.' Section 24 provides that if the commission or the court before which any proceedings for compensation or concerning an award of compensation have been brought 'determine that such proceedings have not been so brought upon reasonable ground, it shall assess the whole cost of the proceeding upon the party who has so brought them.'

" We regard this provision of section 24 as mandatory, and as requiring us to award costs against a party to an appeal under the act whenever we determine that the proceeding has not been brought upon reasonable ground. Such cases, however, are exceptional. In cases involving no element of unreasonableness the award of costs is left by section 23 of the statute to the discretion of the court; and ordinarily in the exercise of that discretion costs will not be awarded against an unsuccessful claimant personally, but will be charged against the state industrial commission which virtually represents such claimant through the attorney-general."

A proper application and natural extension of the principles thus stated shows that on an unsuccessful appeal by the employer and insurer from an order affirming an award, the order of affirmance by this court under ordinary circumstances should be made with costs, the same as is usually done on an affirmance of a final order in a special proceeding.

All concur.

Motion denied.