[File No. 6752.]

L. E. BOE, Ed. Boe, Lareta Bateman, a Minor, L. E. Boe Being Her Next Friend and a Relative, Respondents, v. THE STATE OF NORTH DAKOTA, Doing Business as the Workmen's Compensation Bureau, Appellant.

(299 NW 253)

Opinion filed June 23, 1941. Rehearing denied July 21, 1941

*Alvin C. Strutz,* Attorney General, and *Lynn G. Grimson,* Assistant Attorney General, for appellant.

*Floyd B. Sperry* and *Sullivan, Fleck & Sullivan,* for respondents.

BURR, Ch. J. Plaintiffs applied to the workmen's compensation bureau for compensation. The application was denied, and plaintiffs appealed to the district court. The court affirmed the decision of the bureau, and dismissed the proceeding, with costs to the bureau in the sum of $13. Plaintiffs moved to vacate the judgment for costs, insisting that costs could not be taxed against the plaintiffs, even though unsuccessful, and, further, that such claimants were entitled under the statute to reasonable attorneys' fees without reference to the outcome of the proceeding.

The court amended the judgment, striking out the allowance of costs to the bureau, and inserting an allowance of $50 attorneys' fees to the unsuccessful claimants. Judgment was entered accordingly, and the defendant appeals.

The sole issue presented is whether an unsuccessful claimant is entitled to recover a reasonable attorney's fee in the prosecution of his claim to share in the compensation fund. There is no issue raised as to the good faith of the claimants in the prosecution of their claim, nor as to the reasonableness of the allowance, if the claimant be entitled to an allowance.

Section 396a17 of the Supplement, after defining the extent of the jurisdiction of the bureau, provided that in case the "bureau denies the right of the claimant to participate at all in the workmen's compensation fund" on certain grounds specified in the statute, "the claimant, within thirty (30) days after the notice of the final action of such

bureau may, by filing his appeal in the district court . . . be entitled to a trial in the ordinary way."

The statute further provided:

"Further pleadings shall be had in said cause, according to the rules of civil procedure, and the court shall determine the right of the claimant; and if it determines the right in his favor, shall fix his compensation within the limits prescribed in this act; and any final judgment so obtained shall be paid by the workmen's compensation bureau out of the workmen's compensation fund in the same manner as awards are paid by such bureau.

"*The cost of such proceeding, including a reasonable attorney's fee to the claimant's attorney to be fixed by the trial judge, shall be taxed against the unsuccessful party.*"

When the claimant established his claim, the bureau, being the unsuccessful party, was required to pay the cost of the appeal, "including a reasonable attorney's fee to the claimant's attorney to be fixed by the trial judge."

Section 6 of chap. 286, Sess. Laws 1935, amends this section by changing the provision for costs so as to read: "*The cost of such proceedings, including a reasonable attorney's fee to the claimant's attorney to be fixed by the trial judge, shall be taxed against the bureau,* which fee shall cover and constitute the entire remuneration for the claimant's attorney for all services in connection with such appeal, it being the intention to relieve the claimant of all expense for attorney fees."

It is the claim of the respondents that because of this amendment, when a claimant appeals from the decision of the bureau denying him a right to share in the fund, the cost of the proceeding in the district court, including a reasonable fee for his attorney, is taxable against the bureau, even if the claimant be unsuccessful.

The learned trial court gave very careful consideration to this narrow issue. He points out the purpose of the workmen's compensation bureau, and comments that in many cases a claimant may be unable to present his case because of inability to employ a lawyer; that under the old provision, he was required to pay his own attorney when unsuccessful; and the legislature, by this amendment, intended "to relieve the

claimant of all expense for attorney fees," leaving such matter to the discretion of the court. Thus, the court reasoned, every claimant, whether entitled to share or otherwise, would have his day in court, and if appeals without merit were taken, the court had discretionary power to protect the bureau.

The court further reasons by analogy that because the state appoints an attorney for an indigent defendant in a criminal action, irrespective of guilt or innocence, this statute, being passed for the protection of employees, their families and dependents, should be governed by the same general principle.

"Costs" are purely the creature of the statute; and unless statutory provision be made for costs, no costs are taxable. Casseday v. Robertson, 19 ND 574, 125 NW 1045; Swallow v. First State Bank, 35 ND 323, 325, 160 NW 137.

Though § 396a17 of the Supplement provides: "further pleadings shall be had in said cause, according to the rules of civil procedure," this does not in itself make the statutory provisions for costs set forth in the code of civil procedure applicable to proceedings before the bureau. The law governing costs in this proceeding is found in the section quoted.

In the statute as it was originally, the provision for attorney's fee was limited to the attorney for the claimant, and this fee was taxable against the bureau only in case the bureau was unsuccessful.

It becomes important, therefore, to determine the legislative mind in adopting this amendment, and particularly, what was intended by the clause, "The cost of such proceedings . . . shall be taxed against the bureau. . . ."

There is practically no difference in the meaning of the two phrases, "against the unsuccessful party," and "against the bureau." The same term, "The cost of such proceedings," is found in both enactments, and must be given the same meaning in each. If, as urged by plaintiffs, the "proceeding" means the appeal, whether successful or otherwise, then under the original law, when the claimant was unsuccessful, his attorney's fee was taxed against him, as well as the other costs, in the judgment rendered for the bureau, for "the cost of such proceeding, including a reasonable attorney's fee to the claimant's attorney to be fixed

by the trial judge, shall be taxed against the unsuccessful party." Thus the bureau would be in the anomalous position of having a judgment for costs to be enforced against the claimant, and yet a portion of the judgment, which was to be collected from the claimant, would be an allowance for the claimant's attorney. Surely the expression, "The cost of such proceedings," did not refer to the appeal, but merely to the situation where the court found for the claimant.

It will be noted that this provision for costs follows immediately after the provision with reference to the judgment of the court upon the appeal by the claimant from the decision of the bureau. We can not divorce the paragraph dealing with the costs and the attorney's fee from the paragraph immediately preceding it. The statute requires the court, upon such appeal, to "determine the right of the claimant; and if it determines the right in his favor," to fix the compensation to be "paid by the workmen's compensation bureau out of the workmen's compensation fund in the same manner as awards are paid by such bureau." And the statute immediately thereafter provides: "The cost of *such proceedings,* including a reasonable attorney's fee . . . shall be taxed against the bureau."

The amendment makes some change with regard to costs. Originally, if unsuccessful, the costs were taxed against the claimant. Now, even though the claimant be unsuccessful, the bureau does not recover costs. It could not be the intent of the statute that where a claimant failed to establish a right, nevertheless, the cost of his appeal and his attorney's fee should be taxed against the successful party.

Originally the paltry sum of $13, the assumed statutory costs, was taxable against the unsuccessful claimant and in favor of the bureau. It is not probable that by this amendment, the legislature intended to eliminate this item in favor of the bureau, and yet saddle the bureau with an attorney's fee for the lawyer of the unsuccessful claimant, as well as with costs.

The phrase, "such proceedings," would appear to be limited to the proceedings where the claimant is successful. In that case, he recovers his costs and a reasonable attorney's fee in addition to the allowance that is granted him from the fund. If unsuccessful, he gets noth-

ing from the fund, but the bureau does not recover costs, nor may the bureau recover for its attorney's fees.

Respondents furnish two citations in support of their contention. The first is 1 Honnold, Workmen's Compensation, 844. Respondents claim that under this, the court "may in discretion, allow cost to unsuccessful claimant, against Industrial Commission, which virtually represents such claimant through the attorney general."

The citation does not bear out this contention. The text is dealing with the decision in Wilson v. Dorflinger & Sons, 218 NY 734, 735, 113 NE 454. This New York case is cited by respondents, but when we examine the opinion, we find the workmen's compensation law of that state provided that if the commission, or court, dealing with the proceedings for award, "determines that such proceedings have not been so brought upon reasonable ground, it shall assess the whole cost of the proceeding upon the party who has so brought them."

The workmen's compensation law in New York is of the type where the employer has private insurance, but the liability is determined by the commission. The court having found that no compensation should be allowed, it became a question of whether the costs of the insurer should be taxed against the claimant or against the commission. It was held that under the New York statute, the trial court had discretion in the matter; and instead of awarding costs to the insurer against the unsuccessful claimant, could charge them against the state industrial commission.

This is the case which the writer Honnold cites in support of his comment that in some states costs are not taxed against the unsuccessful claimant, but against the commission. The text does not state that costs are to be allowed to the unsuccessful claimant, but that in cases like the one involved therein, insurer's costs could be taxed against the commission.

The proposition involved is new in this jurisdiction, and our attention is not called to any case where a similar proposition was before a court under the same circumstances.

Both parties refer to the decision of this court in Wallace v. Workmen's Comp. Bureau, 70 ND 193, 293 NW 192, wherein it is shown that the district court has no authority to tax and allow an attorney's

fee in a mandamus proceeding brought by a claimant against the bureau, wherein the claimant sought to compel the bureau to permit the examination of certain files. This court had held in Wallace v. North Dakota Workmen's Comp. Bureau, 69 ND 165, 284 NW 420, that the claimant was entitled to examine the records, and the case cited by the parties involved merely the taxation of costs, including the attorney's fee. We held that the court had no authority to allow an attorney's fee in such proceeding. We did refer in the case cited to the statute showing that where the " 'final action of such bureau denies the right of the claimant to participate at all in the workmen's compensation fund,' on certain grounds enumerated therein," and the bureau is found to be in error, "the trial court may allow and tax against the bureau 'a reasonable attorney's fee to the claimant's attorney.' " The point involved here was not passed upon, though appellant claims it was foreshadowed therein.

We conclude that the legislature, by the amendment, intended merely to relieve the claimant, if unsuccessful, from the burden of costs, but to give to him the right to collect his costs, including a reasonable attorney's fee, if successful, in order that whatever award made would go to him in all its entirety, for the attorney could not get any portion thereof, "it being the intention to relieve the claimant of all expense for attorney fees" in such case. An unsuccessful claimant, therefore, may not recover an attorney's fee from the bureau. The judgment is reversed.

CHRISTIANSON, MORRIS, BURKE, and NUESSLE, JJ., concur.