Lena FEIST, Plaintiff, Respondent and Appellant,

v.

NORTH DAKOTA WORKMEN'S COMPENSATION BUREAU, Defendant, Appellant and Respondent.

No. 7526.

Supreme Court of North Dakota.

Dec. 28, 1956.

Strutz, Jansonius & Fleck, Bismarck, for plaintiff, respondent and appellant.

Leslie R. Burgum, Atty. Gen., Paul M. Sand, Asst. Atty. Gen., for defendant, appellant and respondent.

BURKE, Chief Justice.

This appeal is from a decision of the District Court of Burleigh County upon appeal from a decision of the Workmen's Compensation Bureau. The case is before us for the second time. Upon the first appeal two questions of fact were presented for decision. The first was whether the illness of respondent's deceased husband with atypical pneumonia was fairly traceable to his employment. The second was whether two cerebral hemorrhages suffered by respondent's husband and his resulting death were also fairly traceable to his employment. The first of these questions was decided favorably to the respondent, that is to say, it was found that the pneumonia was fairly traceable to the employment. The second question was not decided because of the unsatisfactory state of the evidence and the case was remanded to the Workmen's Compensation Bureau to give respondent an opportunity to submit further proof. Feist v. North Dakota Workmen's Compensation Bureau, 77 N.D. 267, 42 N.W.2d 665. After remand the Compensation Bureau held another hearing. Additional evidence was introduced and after consideration of this evidence the Bureau again denied the claim.

Respondent appealed to the District Court from the order of the Bureau and the District Court reversed the order and rendered judgment allowing compensation for death due to cerebral hemorrhage. The Compensation Bureau has appealed from the judgment.

The only question here is whether the evidence is sufficient to sustain the judgment.

■ The Workmen's Compensation Law, NDRC 1943, Sec. 65–0102, Subsections 8 and 9, provides:

"8. 'Injury' shall mean only an injury arising in the course of employment * * *. Such term, in addition to an injury by accident, shall include:

"a. Any disease which can be fairly traceable to the employment. * * * The disease must be incidental to the character of the business and not independent of the relation of employer and employee. It need not have been foreseen or expected, but after it is contracted, it must appear to have had its origin in a risk connected with the employment and to have flowed from that source as a rational consequence;

*    *    *    *    *    *

"9. 'Fairly traceable to the employment' when used to modify the term 'disease' shall mean only a disease which:

"a. Arises under conditions wherein it is apparent to the rational mind * * * that there is a direct causal connection between the conditions under which the work is performed and the disease;

"b. Can be seen to have followed as a natural incident of the work as a result of the exposure occasioned by the nature of the employment; and

"c. Can be fairly traced to the employment."

It is established that respondent's deceased husband's illness with pneumonia was caused by exposure to inclement weather and by exertion in attempting to extricate a taxi-cab, of which he was the driver, from mud in which it had become mired and that the pneumonia was therefore fairly traceable to his employment. Upon this appeal it is respondent's contention that the cerebral hemorrhages suffered by her husband which resulted in his paralysis and eventual death were caused by hypertension which in turn was caused by his illness with pneumonia.

■ Under the evidentiary rule provided by the statute above quoted, before such a causal chain may be said to be established it must be made apparent to a rational mind. A compensation award cannot be made on surmise or conjecture or a mere guess. Pace v. North Dakota Workmen's Compensation Bureau, 51 N.D. 815, 201 N.W. 348, Booke v. Workmen's Compensation Bureau, 70 N.D. 714, 297 N.W. 779.

In this case two physicians testified as experts, one for the appellant and one for the respondent. The physician who testified on behalf of the appellant stated as his positive opinion that there was no direct causal connection between the attack of pneumonia and the hypertension. He stated that there was a mere possibility that there could be such a relationship but that it was probable that the hypertension was caused by a separate or intervening factor. There is little conflict between this testimony and that of the physician who testified on behalf of the respondent. At no place in the record did respondent's expert state a positive opinion to the effect that there was a causal relationship between pneumonia and hypertension. When asked: "Would you say that this pneumonia was a contributing, proximate cause of the hypertensive condition?" he replied: "It may have been." Again when asked practically the same question on cross-examination, he replied, "It

may have been the cause. There is no way to prove or disprove it. It is a possibility." He later modified this statement and said that the causal connection was probable. He said: "I can infer it and therefore make a diagnosis as referable to the pneumonia in view of the fact that he had been able to work full time prior to the pneumonia but not able to work full time after that." He was then asked, "By inference then would be meant, because of lack of any other known disease or illness he suffered within that period?" and he answered: "Yes."

The record on the other hand shows that the year before the attack of pneumonia, respondent's husband had been ill and that the physician's diagnosis was fatigue and exhaustion. It shows that in the same year he had a serious kidney infection with 3 plus albumin. The physician, who testified for the appellant, when asked on cross-examination to name a separate intervening factor stated: "Kidney disease, or a combination of heart, kidney and disease of the blood vessels. This was brought out in the hearing as found in the patient's medical record."

We think it apparent from the record that the opinion of the respondent's physician, which was founded on the assumption that respondent's husband had suffered from no other disease or infection, is of very little weight because the assumption on which it was founded was shown not to exist.

In Kamrowski v. North Dakota Workmen's Compensation Bureau, 64 N.D. 610, 255 N.W. 101, we held: "Where * * * the injury may equally well have been occasioned by factors entirely different from the one advanced as a theory and entirely removed in time from the course of the employment, * * * no recovery can be had." Paragraph 3, court's syllabus.

■ Upon the whole record, we are satisfied that the causal connection between respondent's husband's pneumonia and his subsequent cerebral hemorrhages have not been made "apparent to the rational mind." The judgment of the District Court must therefore be reversed and the order of the Compensation Bureau denying the claim reinstated.

■ In this case the plaintiff filed a cross appeal. Upon the cross appeal the only specification of error was that the trial court's award of attorney fees in the sum of $300 was inadequate.

Section 65-1003, NDRC 1943, as amended by Chapter 342, Laws of 1951, provides:

"The cost of appeal, including a reasonable attorney's fee to the claimant's attorney, shall be fixed by the trial judge and taxed against the bureau provided, however, that in the event the appeal is taken from an award of the bureau, the trial judge shall not allow attorneys' fees in excess of twenty percent of the amount allowed on appeal over and above the award given by the bureau in its final action prior to appeal * * *."

This statute permits an award of attorneys' fees as costs only. It follows that attorneys' fees are allowable only to the party in whose favor costs may be taxed.

Under the provisions of Section 28-2601, NDRC 1943, costs are taxable in favor of the prevailing party only. Since the plaintiff has not prevailed in this proceeding, she is not entitled to costs or attorney's fees. Boe v. State, 71 N.D. 132, 299 N.W. 253. The question raised by the cross appeal is therefore moot.

GRIMSON, JOHNSON, SATHRE and MORRIS, JJ., concur.