Claim of Johanna Kuntz for Compensation upon the Death of Peter E. Kuntz.

Johanna KUNTZ, Claimant and Respondent,

v.

NORTH DAKOTA WORKMEN'S COMPEN-SATION BUREAU, Appellant.

No. 8251.

Supreme Court of North Dakota.

Jan. 13, 1966.

Duffy & Haugland, Devils Lake, for claimant and respondent.

Helgi Johanneson, Atty. Gen., and Milton E. Moskau, Asst. Atty. Gen., Bismarck, for appellant.

STRUTZ, Judge.

This is an appeal from a decision of the district court of Ramsey County upon appeal from a decision of the Workmen's Compensation Bureau. The district court reversed the order of the Bureau denying the respondent's claim, and entered judgment allowing compensation for death due to rupture of the aortic wall and the ensuing abdominal bleeding. The Workmen's Compensation Bureau takes this appeal from such judgment.

The only question for us to determine on this appeal is whether the evidence is sufficient to sustain the judgment.

There is no serious dispute as to the facts. The deceased was the seventeen-year-old son of the claimant and was employed as a pinsetter in a bowling alley. On February 4, 1959, while setting pins, he was struck on the ankle by a bowling pin. He complained to his mother of pain in the ankle, but nothing was done about it until on or about February 19, 1959, when he was taken to the clinic. His injury was diagnosed as a contusion of the right ankle and he was advised to treat it at home.

The pain, however, continued, and on March 11, 1959, he again went to the clinic. At that time, the deceased complained not only of pain in his ankle, but also of pains in his right leg. He was again sent home but, three days later, on March 14, 1959, he again went to the clinic. Now he was suffering severe pains not only in his right foot and leg but also in his right hip, and he was immediately hospitalized. The following day be became pale and faint, and it was determined that he was bleeding in his abdominal cavity. He was given blood transfusions and some slight improvement was noted in his condition. However, shortly thereafter, the patient went into shock and emergency exploratory surgery was performed. The patient died on the operating table.

Subsequently, it was found that the deceased had been suffering from an aortic aneurism, and that the immediate cause of his death was the rupture of the aneurism and the abdominal bleeding which followed.

The Bureau rejected the claim of the parents for compensation benefits on the ground that there was no causal relationship between the injury which the deceased had suffered in the course of his employment when struck by a bowling pin and his death, caused by the ruptured aneurism. From this decision the claimant appealed to the district court, and the court entered judgment allowing compensation. The appeal to this court is from that judgment.

Our statute places upon a claimant against the Workmen's Compensation

Fund the burden of establishing his right to participate therein; thus the claimant, where claim is for death of an employee, has the burden of showing a proximate and a causal connection between the injury and the death. Sec. 65–01–11, N.D.C.C.; Booke v. Workmen's Compensation Bureau, 70 N.D. 714, 297 N.W. 779.

■ While the burden of proof is upon the claimant to show, by a preponderance of the evidence, that the injury which caused the death of the employee was received in the course of the employment, causal relationship between the injury and the ensuing death need not be established with absolute medical certainty. It is sufficient if the preponderance of the evidence establishes such causal relationship. Pfeiffer v. North Dakota Workmen's Compensation Bureau, 57 N.D. 326, 221 N.W. 894.

■ Thus, if competent evidence traces a causal connection between an affliction from which a workman was suffering and the accident, or shows that the accident either caused or accelerated the effect of such affliction, that is sufficient to establish a claim against the Fund. The claim will not be denied simply because the cause for the origin of the affliction cannot be shown. But the burden is upon the claimant to show that the accident either caused the affliction or accelerated its effect. Recovery cannot be allowed upon pure speculation.

■ Therefore, the fact that even though a pre-existing disease or weakness, such as an aneurism, may have predisposed an employee to an early death, the claimant may be entitled to compensation if the bursting of the aneurism took place earlier because of an injury suffered by the employee. Pace v. North Dakota Workmen's Compensation Bureau, 51 N.D. 815, 201 N.W. 348.

We will examine the record to determine whether it discloses that the claimant sustained the burden of establishing a proximate and causal connection between the injury and the death of the employee. The record shows that the employee had had an aortic aneurism of many months' duration. Dr. L. P. Longmire, a witness for the claimant, testified that this aneurism was of at least six months' duration because it had caused partial erosion of the vertebral column. When asked if, in his opinion, there was a causal connection between the injury and the death of the employee, this witness replied: " * * * there is certainly a probable relationship. * * * " He explained this by stating that although, in his opinion, the erosion of the bone had been of at least six months' duration, the employee had not been bothered by this until after the accident; that the employee had been relatively happy and able to work, when along came this injury. At first, his pain was in his ankle, where he had been struck by a bowling pin, but it gradually spread to his leg and hip and finally to his back and then the terminal event of the rupture of the aneurism occurred, with death following. On cross-examination, this witness admitted that it was equally probable that the pain in the deceased's hip and leg could have been caused by the rupture of the aneurism, and that the symptoms found might have been caused by such breaking of the blood vessel, and not by the injury. He further testified that the tissue about the aneurism showed an extensive fibrosis, or degeneration, indicating a possible leakage prior to the bursting of the aneurism. He further admitted that this degeneration of tissue could well have caused the pain in the leg and hip, rather than such pain having been caused by the injury which the employee had suffered.

Dr. I. L. Lazarek also testified for the claimant. He saw the deceased in the latter stages of the case, and became acquainted with his situation the day before the operation. At that time, there was evidence of internal hemorrhaging, with shock, and the witness determined that

surgery was necessary to control the hemorrhaging. He assisted Dr. Longmire with the surgery. The witness testified that this boy had a pre-existing aneurism involving the lower portion of the abdominal aorta and the upper portion of the right common iliac artery. He pointed out that evidence of the previous existence of such aneurism is manifested by the fact that the underlying bone was eroded, indicating that this condition had existed for some time. He further stated that he believed that the coincidence of a rupture of an aneurism cannot be considered to be the sole cause of the rupture. He then stated:

"I feel there is a reasonable suspicion that the injury was a factor in the— in the rupture of—of the cause of rupture of the aneurism."

He further testified:

" * * * I feel it is reasonable to assume that this boy's symptomology followed on this injury, that coincidence of a rupture of an aneurism cannot be considered to be the sole cause of the rupture. I feel that the trauma must have played some part in causing the aneurism to rupture."

Does the testimony thus produced by the claimant satisfy the burden which our statute places on a claimant against the Workmen's Compensation Fund, of establishing, by a preponderance of the evidence, a proximate and causal connection between the injury which Peter Kuntz suffered on February 4, while working as a pinsetter in the bowling alley, and his death on March 15, 1959? As we have pointed out, such causal relationship between the injury and the ensuing death need not be established with absolute medical certainty. It is sufficient if the preponderance of the evidence establishes such causal relationship. But such causal relationship cannot be based on mere surmise or speculation. Where the alleged cause of death is purely speculative and may equally well have been occasioned by factors entirely different from those on which the claim against the Fund is based, no recovery can be had. As we said in Feist v. North Dakota Workmen's Compensation Bureau, N.D., 80 N.W.2d 100, "A compensation award cannot be made on surmise or conjecture or a mere guess."

Here, the medical testimony of one doctor is to the effect that there is a probable relationship between the injury suffered by the boy and his death. Whatever the effect of this testimony in establishing the claimant's cause of action, such effect was destroyed when the witness thereafter testified that it was equally probable that the pain suffered by the boy in his hip and leg could have been caused by the rupturing of the aneurism and that the symptoms found might have been caused by the breaking of the blood vessel, and that it was just as probable that the breaking of the aneurism caused the symptoms as that such symptoms were caused by the injury.

The second witness testified that—

"I feel there is a reasonable suspicion that the injury was a factor in the— in the rupture of—of the cause of rupture of the aneurism."

Suspicion is not enough. There must be positive evidence showing that this rupture was fairly traceable to the injury suffered by the employee. The witness does go on to point out that he felt it was reasonable to assume that coincidence of the rupture of the aneurism could not be considered to be the sole cause of the rupture, and that the accident must have played some part in causing the aneurism to rupture. But there is no positive testimony that, in the opinion of the witness, such rupture was caused by the accident. All of the testimony is conditioned by such words as I feel, I assume, my impression. There is no testimony that, from the witness's medical knowledge, the death of the deceased was caused by or accelerated by the injury suffered in the course of employment.

We have carefully examined all of the evidence, and we find it is insufficient to establish a causal connection between the injury suffered in employment and the death of the employee. An award based upon the evidence before us would be based upon surmise, conjecture, and mere guess-work. Upon the whole record, we are satisfied that the causal connection between the injury suffered by the employee on February 4, 1959, and the subsequent rupturing of the aneurism, more than forty days later, has not been established by competent evidence. The judgment of the district court therefore must be reversed and the order of the Workmen's Compensation Bureau denying the claim is reinstated.

BURKE, C. J., and TEIGEN, KNUDSON, and ERICKSTAD, JJ., concur.