Cora KROEPLIN, Appellant,

v.

NORTH DAKOTA WORKERS COMPENSATION BUREAU, Appellee.

Civ. No. 880243.

Supreme Court of North Dakota.

Jan. 9, 1989.

Serkland, Lundberg, Erickson, Marcil & McLean, Ltd., Fargo, for appellant; argued by LaDonne R. Vik.

Dean J. Haas (argued), Asst. Atty. Gen., North Dakota Workers Compensation Bureau, Bismarck, for appellee.

ERICKSTAD, Chief Justice.

Cora Kroeplin appeals from a district court judgment, dated June 16, 1988, which affirmed an order of the North Dakota Workers Compensation Bureau (Bureau) denying Kroeplin's claim for additional benefits. We affirm.

On October 5, 1981, Kroeplin, while working at Dakota Hospital as a nurses aide, sustained a lower back injury when she attempted to lift a patient. Kroeplin filed a claim with the Bureau which accepted liability for the injury and authorized disability payments for a period of one week.

During June of 1986 Kroeplin sought medical treatment for lower back pain. She subsequently filed a claim with the Bureau for additional benefits alleging that the back pain she experienced in 1986 was related to her 1981 injury. In denying Kroeplin's claim for additional benefits, the Bureau determined that Kroeplin failed to prove that her 1986 back pain was causally related to the 1981 injury.

Pursuant to Section 28–32–19, N.D.C.C., we must affirm the Bureau's decision unless its findings of fact are not supported by a preponderance of the evidence or its conclusions are not supported by its findings of fact. In determining whether the factual findings are supported by a preponderance of the evidence we do not make independent findings of fact or substitute our judgment for that of the agency, but we determine only whether a reasoning mind could have reasonably determined that the factual conclusions were supported by the weight of the evidence. *Howes v. Workers Compensation Bureau*, 429 N.W.2d 730 (N.D.1988).

The Bureau partially relied upon 1981 medical reports indicating Kroeplin had suffered back spasms and pain following a 1979 automobile accident. The Bureau also relied upon the cross-examination testimony of Kroeplin's treating physician, Dr. Mark Lundeen. He testified that the back pain, if any, experienced by Kroeplin before the 1981 work-related injury would be a significant factor in determining whether the 1986 back pain was related to the 1981 injury. Dr. Lundeen was unaware that Kroeplin had experienced back problems prior to the 1981 injury when he rendered his medical opinion that the 1986 back pain was related to the 1981 injury.

We conclude that the Bureau's findings of fact are supported by a preponderance of the evidence and that its conclusions are supported by the findings of fact. Accordingly, the judgment of the district court upholding the Bureau's order denying benefits is affirmed.

ERICKSTAD, C.J., MESCHKE, VANDE WALLE and GIERKE, JJ., and VERNON R. PEDERSON, Surrogate Justice, concur.

VERNON R. PEDERSON, Surrogate Justice, sitting in place of LEVINE, J., disqualified.