**Marleen E. MUND, Appellee,**

v.

**NORTH DAKOTA WORKERS COMPENSATION BUREAU,**
**Appellant.**

Civ. No. 890067.

Supreme Court of North Dakota.

Aug. 28, 1989.

Hugh Patrick Seaworth, Asst. Atty. Gen., North Dakota Workers Compensation Bureau, Bismarck, for appellant.

Bryan L. Giese, Collins and Main, Mandan, for appellee.

GIERKE, Justice.

The North Dakota Workers Compensation Bureau (Bureau) appealed from a district court judgment reversing a Bureau order dismissing a claim filed by Marleen E. Mund (Mund). We reverse and remand

for entry of a judgment affirming the Bureau's order.

Mund was employed as a dispatcher with Taxi 9000 in Bismarck, North Dakota. Mund's duties included radio communication as well as general cleaning of the office area. Mund alleges that while she was attempting to clean out the vacuum cleaner by lifting it over a garbage can and shaking it she experienced a snap in the upper torso of her body resulting in injury to her back, neck, left arm and left hand.

Mund filed a claim with the Bureau for workers compensation benefits on August 7, 1981. Mund was informally denied benefits by the Bureau and she requested a formal review hearing. A formal hearing was held and the Bureau issued an order affirming dismissal. Mund subsequently requested a rehearing in order to present additional evidence. Mund was allowed to submit additional evidence for the Bureau's review on rehearing. The Bureau, based upon the additional evidence, together with a review of the entire record, found as follows:

"V.

"That the claimant testified at the hearing on April 20, 1982, that the alleged injury occurred on or about July 1, 1981, at 1:00 a.m.

"VI.

"That the claimant testified, on April 20, 1982, that she attempted to contact her physician several times between the alleged date of injury and the latter part of July at which time she was referred to the St. Alexius physical therapy program.

"VII.

"That on the alleged date of injury, the claimant's employer was notified of the damage to the vacuum cleaner, but not of an alleged injury to the claimant's neck; the claimant did not report the alleged injury until July 27 or 28, 1981.

"VIII.

"That the claimant, in an affidavit dated October 22, 1982, states the actual date of injury as July 26, 1981, at approximately 11:30 to 12:00 p.m.

"IX.

"That the claimant had a preexisting back condition which her physician indicated was due to an acute herniated nucleau pulposus at L4–5 which resulted in a complete foot drop, and that she had a history of degenerative disc disease.

"X.

"That the claimant had a medical examination on June 15, 1981, for complaints of back pain and numbness of her right foot and left leg.

"XI.

"That the physician's note dated July 27, 1981, specifying claimant as unable to drive a cab, related to claimant's preexisting low back condition present when she was first employed by Taxi 9000 and did not involve an alleged neck injury.

"XII.

"That a complete myelogram in December, 1981, revealed anterior extradural defects at C5–6 and L4–5.

"XIII.

"That the claimant's physician noted in his deposition on June 3, 1983, that it seemed unlikely that a ruptured cervical disc would result from lifting or shaking a vacuum cleaner. He found it difficult to envision the mechanics of what actually put the excessive pressure of stress on the claimant's neck. He noted that the shaking motion would tend to put more stress on the shoulders than the neck.

"XIV.

"That the claimant's physician stated at his deposition that the alleged 'pop' or 'snap' of the claimant's neck would not

be associated with a ruptured disc; it is not an indication one way or the other of her disc rupturing at that time.

## "XV.

"That the claimant's physician testified at his deposition on June 3, 1983, that it would take some type of injury for a cervical disc to rupture, but since the claimant's alleged July 26, 1981, injury was the only injury so mentioned, he could not determine, with reasonable medical certainty, that the lifting and shaking of a vacuum cleaner is what caused the claimant's ruptured cervical disc.

## "XVI.

"It is only the claimant's testimony that accounts her cervical disc to the alleged incident on July 26, 1981.

## "XVII.

"That there is no substantiation that the claimant's cervical or low back problems are in any way related to an alleged injury on July 26, 1981."

The Bureau issued an order reaffirming dismissal of Mund's claim after concluding as follows:

## "I.

"That the claimant failed to prove an injury by accident arising out of and in the course of employment.

## "II.

"That the claimant failed to prove that her back and neck condition was causally related to an employment injury.

## "III.

"That the claimant failed to prove that she is entitled to benefits under the North Dakota Workmen's Compensation Act."

Mund, pursuant to Section 28–32–15 of the North Dakota Century Code, appealed to the district court, which concluded as follows:

## "III.

"That the findings of fact of the North Dakota Workmen's Compensation Bureau, upon which the Bureau denies the appellant's claim, are not supported by a preponderance of the evidence in the case.

## "IV.

"That the conclusions and decision of the North Dakota Workmen's Compensation Bureau denying the appellant's claim are not supported by the findings of fact."

Accordingly, the district court reversed the decision of the Bureau and remanded the case back to the Bureau directing that it grant Mund benefits on her claim. The Bureau appealed.

Our review of administrative agency decisions is governed by Section 28–32–19 of the North Dakota Century Code,[1] which

1. Section 28–32–19, N.D.C.C., provides as follows:

"28–32–19. Scope of and procedure on appeal from determination of administrative agency. The court shall try and hear an appeal from the determination of an administrative agency without a jury and the evidence considered by the court shall be confined to the record filed with the court. If additional testimony is taken by the administrative agency or if additional findings of fact, conclusions of law, or a new decision shall be filed pursuant to section 28–32–18, such evidence, findings, conclusions, and decision shall constitute a part of the record filed with the court. After such hearing, the court shall affirm the decision of the agency unless it shall find that any of the following are present:

1. The decision or determination is not in accordance with the law.

2. The decision is in violation of the constitutional rights of the appellant.

3. Provisions of this chapter have not been complied with in the proceedings before the agency.

4. The rules or procedure of the agency have not afforded the appellant a fair hearing.

5. The findings of fact made by the agency are not supported by a preponderance of the evidence.

6. The conclusions and decision of the agency are not supported by its findings of fact.

requires us to affirm the Bureau's decision unless one of six conditions is present. *Fercho v. North Dakota Workers Compensation Bureau,* 440 N.W.2d 507, 509 (N.D.1989); *see also White v. North Dakota Workers Compensation Bureau,* 441 N.W.2d 908 (N.D.1989); *Kroeplin v. North Dakota Workers Compensation Bureau,* 434 N.W.2d 351, 352 (N.D.1989). In the instant case, we must affirm the Bureau's decision unless its findings of fact are not supported by a preponderance of the evidence or unless its conclusions of law are not supported by its findings of fact. Section 28–32–19, N.D.C.C.; *Fercho v. North Dakota Workers Compensation Bureau,* *supra; Inglis v. North Dakota Workmen's Compensation Bureau,* 312 N.W.2d 318, 322 (N.D.1981). In determining whether or not the Bureau's findings of fact are supported by a preponderance of the evidence, we do not make independent findings of fact or substitute our judgment for that of the agency, but we determine only whether or not a reasoning mind could have reasonably determined that the factual conclusions were supported by the weight of the evidence. *Kroeplin v. North Dakota Workers Compensation Bureau,* *supra; Howes v. North Dakota Workers Compensation Bureau,* 429 N.W.2d 730, 734 (N.D.1988), *cert. denied,* — U.S. —, 109 S.Ct. 1126, 103 L.Ed.2d 189 (1989); *Power Fuels, Inc. v. Elkin,* 283 N.W.2d 214, 220 (N.D.1979).

In determining that there was insufficient substantiation to support a claim, the Bureau partially relied upon the fact that Mund's testimony was filled with inconsistencies and contradictions. For instance, Mund initially alleged that the injury occurred on July 1, 1981; that a co-employee, Mr. Holzer, was present at the time of the injury; and that she immediately informed her employer, Mr. Schumacher, of the injury. Mr. Schumacher, Mund's employer, testified that he was unaware of Mund's alleged work injury until approximately July 27, 1981. Mund subsequently changed her story and alleged that the date

of the injury was not July 1, 1981, but rather July 26, 1981. Also, Mr. Holzer, the co-employee, testified that he was on vacation for approximately 4 weeks beginning the middle of July of 1981 and therefore would not have been present at work on July 26, 1981, the alleged date of Mund's injury. The Bureau also relied upon the testimony of Dr. Kennedy and Dr. Larson, Mund's treating physicians. Dr. Kennedy had, as early as 1975, diagnosed Mund as having degenerative disc disease. Dr. Kennedy testified that it was unusual and difficult to envision that Mund's lifting and shaking of a vacuum cleaner would have put excessive stress on the neck to precipitate the type of injury Mund claims, that being a ruptured cervical disc. Dr. Kennedy further testified that a popping or snapping sensation is not indicative one way or the other of a disc rupture. Also, with regard to Mund's health history, Dr. Larson indicated that Mund had stated that "she has had back pain all of her life and that this pain involves her entire back from her neck down to her low back."

We believe that a reasoning mind could have reasonably determined that the factual conclusions reached by the agency were proved by the weight of the evidence. We therefore conclude that the Bureau's findings of fact are supported by a preponderance of the evidence and that its conclusions are supported by the findings of fact. Accordingly, the judgment of the district court is reversed and the matter remanded to the district court for entry of a judgment affirming the Bureau's order.

ERICKSTAD, C.J., and VANDE WALLE, LEVINE and MESCHKE, JJ., concur.

"If the decision of the agency is not affirmed by the court, it shall be modified or reversed, and the case shall be remanded to the agency for disposition in accordance with the decision of the court."