**Barbara EULL, Appellant,**

v.

**NORTH DAKOTA WORKERS COMPENSATION BUREAU,**
**Appellee,**

**and**

**Leevers Super Valu, Respondent.**

**Civ. No. 910080.**

Supreme Court of North Dakota.

Oct. 7, 1991.

Alan Baker (argued), Baker Legal Clinic, Fargo, for appellant.

Janell M. Knutson (argued), Asst. Atty. Gen., N.D. Workers Compensation Bureau, Bismarck, for appellee.

GIERKE, Justice.

This appeal is from the denial of disability and medical benefits from the Workers Compensation Bureau which was affirmed by the district court of Barnes County. We affirm.

Barbara Eull was injured on February 17, 1988, while working at Leevers Super Valu in Valley City, North Dakota. This injury is not disputed. She was treated by Dr. V. Duane Brown, a Valley City Chiropractor on February 22 through February 25, 1988. The Bureau paid medical benefits and informed Barbara that all medical bills related to the injury would be paid. Also, the Bureau paid disability benefits through February 29, 1988. At that time Barbara took a three week vacation to Washington state. When she returned to North Dakota she again saw Dr. Brown on March 28, 1988. Barbara did not seek chiropractic treatment again until July 26, 1989, nearly 16 months after the initial injury.

During May and June of 1989 Barbara was employed as a barmaid at the First & Last Chance Saloon in Lisbon. This position required that Barbara stock coolers and clean the establishment, as well as serve drinks. Barbara at no time complained to her supervisor or any co-worker about her back injury, nor was she unable to perform any of her duties.

Barbara claimed poor doctor-patient relations between herself and Dr. Brown and requested the Bureau for a change of doctor on July 25, 1989. On July 26, 1989 Barbara was examined by Dr. David M. Cook, D.C., in Lisbon, North Dakota. Dr. Cook found "moderate swelling over the lumbo sacral joint and associated mild loss of range of motion." Dr. Cook continued to treat Barbara, and saw some improvement in her condition.

Barbara filed a reapplication for benefits claiming that the treatment that she was seeking in July of 1989 was for an extension of her February, 1988 injury. An informal hearing was conducted and the Bureau issued an Order Denying Benefits on November 29, 1989. This order stated:

*"Conclusions of Law*
*"I.*

"Claimant sustained an injury by accident arising out of and in the course of her employment on February 17, 1988.

*"II.*

"Claimant has failed to prove that the problems for which she was treated in July of 1989 are an extension of the 1988 injury.

*"III.*

"Claimant is entitled to payment of reasonable medical expenses for treatment of the work injury sustained on July 17, 1988.

*"IV.*

"Claimant is entitled to receive a permanent partial impairment award should medical evidence so indicate.

*"V.*

"Claimant has failed to prove that she remains disabled as a direct result of the work injury.

"VI.

"Claimant has failed to prove that she is entitled to further benefits under the North Dakota Workers Compensation Act, beyond those previously awarded and paid, or those awarded pursuant to the terms of this order."

On appeal, a formal hearing was held on this matter on April 17, 1990. The hearing officer determined that:

"The greater weight of the evidence does not indicate that claimant's current problems are related to the work injury. Claimant was employed on a full-time basis for approximately two months in 1989 in a job requiring physical labor without any difficulty. Furthermore, claimant did not seek or obtain any medical treatment for her work injury between March 28, 1988, and July 26, 1989. Therefore, the opinions of Drs. Brown and Ottinger that claimant's current condition is not related to her work injury appear to be more reasonable than Dr. Cook's suggestion that claimant's condition is a long-standing problem due to previous injury."

The officer concluded that the weight of the evidence established that Barbara could return to her former job or any other work for which she was qualified. This decision was affirmed by the district court.

On appeal the appellant raises two issues: I. That the Bureau's decision denying benefits should be reversed because of the Bureau's failure to comply with the requirements of the Administrative Agencies Practice Act. II. That it is not reasonable for the Bureau to deny benefits when the Bureau's own expert witness says he has no reason to disagree with Barbara's treating doctor's opinion concerning causation.

## I.

■ Barbara alleges that certain pieces of evidence and an investigation report were included in her file and that this information was not disclosed pursuant to the Administrative Agencies Practice Act, specifically Section 28–32–07, N.D.C.C. An investigation of Barbara's employment at the First & Last Chance Saloon and Leevers Super Valu was done by the Bureau. However, a copy of this report was not submitted to Barbara's attorney until April 20, 1990. This report was not part of the hearing record, but was part of claimant's file.

Barbara claims that this investigative report initiated by the Bureau became part of her hearing record. She asserts that this information was not made available to her and was improperly relied upon in deciding her claim. However, there is no evidence that the hearing officer relied upon this report or any of the other documents that Barbara complains were improperly included in her record. In fact, her attorney agreed that the report would not be included in the evidence that was to be reviewed by the hearing officer.

The investigation report contained information regarding Barbara's employment with the First & Last Chance Saloon. This information was available from other sources and from live testimony given at the hearing. Grace Dusek testified that she worked with Barbara at the First & Last Chance Saloon and that she was unaware that Barbara had any back injury. Ms. Dusek testified that Barbara was able to perform all of the duties required of her, including stocking and lifting cases of beer. Barbara had an opportunity to cross-examine Ms. Dusek regarding this testimony.

There is no evidence that the hearing officer relied upon any evidence outside of the hearing record in reaching this decision. Therefore, there was no due process violation in this case.

## II.

■ The Bureau heard testimony by three doctors regarding the medical condition of Barbara Eull. Dr. V. Duane Brown was the first chiropractor seen by Barbara following the February 17, 1988 incident. Dr. Brown treated Barbara on February 22, 23, 24, and 25, 1988. At that time Barbara was leaving for an extended vacation to Washington state. In Dr. Brown's Report of Injury dated February 27, 1988, he stated that Barbara would be able to

return to work on February 29, 1988. However, Barbara did not return to work and, in fact, did not even contact Leevers Super Valu about returning to work. Barbara then left on a three week trip to Washington state. In Dr. Brown's Progress/Final Report of his February 25, 1988 examination, he declared that, "The Patient has progressed to approximately 65% recovered. I recommend that the patient be kept under observation for an additional 30 days for the prevention of exacerbation."

Barbara was examined by Dr. Brown on March 28, 1988 when she returned from Washington state. In Dr. Brown's report of this examination, he stated that Barbara was discharged, and that her full recovery was anticipated. At the hearing, he testified that he definitely felt that Barbara could return to work. However, Barbara still did not contact Leevers or search for any other employment at that time.

Barbara did however, find employment in May of 1989 at the First & Last Chance Saloon in Lisbon. This employment lasted until the end of June. In July of 1989 Barbara sought treatment from Dr. D.M. Cook of Lisbon. At this time Barbara requested a change of doctor from the Bureau, which was approved.

At the time that Dr. Cook treated Barbara he was unaware of her employment at the First & Last Chance Saloon. Dr. Cook subsequently learned of this employment at his deposition. In his deposition, Dr. Cook responded to questions regarding Barbara's back condition and the impact of her employment at the First & Last Chance Saloon.

In his deposition Dr. Cook admitted that the work which was done at the First & Last Chance Saloon would impact his opinion as to Barbara's condition. He believed that such work could have created the problem. He also stated that if she had a chronic back problem, she must have had trouble doing the type of work done at the First & Last Chance Saloon.

Dr. Roy Ottinger was hired by the Bureau to conduct an independent evaluation of Barbara's condition. Dr. Ottinger is a diplomate in roentgenology (the reading of x-rays). Dr. Ottinger's deposition testimony indicated that in his opinion it was very unlikely that Barbara's previous injury was contributing to her claim in 1989.[1]

■ On appeal to this court the decision of the agency is reviewed, not the decision of the district court. *Gramling v. North Dakota Workmen's Compensation Bureau*, 303 N.W.2d 323, 325 (N.D.1981) (citing *Balliet v. North Dakota Workmen's Compensation Bureau*, 297 N.W.2d 791, 793 (N.D.1980)). Ordinarily decisions by administrative agencies are presumed correct. *Hanson v. Industrial Comm'n of N.D.*, 466 N.W.2d 587, 590 (N.D.1991) (citations omitted). A decision of an administrative agency will be affirmed unless the findings of fact made by the agency are not supported by a preponderance of the evidence or the conclusions are not supported by the findings. N.D.C.C. 28–32–19.

> "In determining whether or not the Bureau's findings of fact are supported by a preponderance of the evidence, we do not make independent findings of fact or substitute our judgment for that of the agency, but we determine only whether or not a reasoning mind could have reasonably determined that the factual conclusions were supported by the weight of the evidence."

*Mund v. North Dakota Workers Compensation Bureau*, 444 N.W.2d 706, 709 (N.D.1989) (citations omitted). *See also Kopp v. North Dakota Workers Compensation Bureau*, 462 N.W.2d 132, 135–36 (N.D.1990).

■ The person claiming benefits has the burden of proving by a preponderance of the evidence that he or she is entitled to participate in the fund. N.D.C.C. 65–01–11. Also, there must be evidence that relates the injury suffered by the claimant to the injury sustained in the course of employment. *Claim of Bromley*, 304 N.W.2d 412, 415 (N.D.1981) (citing *Kuntz v. North Da-*

---

1. At oral arguments, counsel for both parties acknowledged that there was a pending claim pertaining to an alleged work related injury at the First & Last Chance Saloon.

*kota Workmen's Compensation Bureau,* 139 N.W.2d 525, 527 (N.D.1966)).

It is clear that this court must not make independent findings of fact or substitute judgment for that of the trial court, when reviewing administrative decisions. *Claim of Griffin,* 466 N.W.2d 148, 149 (N.D.1991). This court must only determine if a reasoning mind could have reasonably decided that the Bureau's factual conclusions were proved by the greater weight of the evidence presented. *Id.*

In light of all of the evidence presented to the Bureau we cannot say that the decision is not supported by a preponderance of the evidence. On review, we find that there was sufficient evidence for the Bureau to determine that Barbara's benefits should be denied. It is clear that the Bureaus decision was supported by the greater weight of the evidence. Accordingly, the district court decision affirming the Bureau's denial of benefits is affirmed.

ERICKSTAD, C.J., and LEVINE, VANDE WALLE and MESCHKE, JJ., concur.